# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VICKIE M. MONROE,<br>                    Appellant, | DOCKET NUMBER<br>SF-0432-16-0778-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>                    Agency. | DATE: March 10, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vickie M. Monroe, Las Vegas, Nevada, pro se.

Emily Urban, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her removal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The agency removed the appellant for unacceptable performance in her GS‒7 Individual Taxpayer Advisory Specialist position with the agency's Internal Revenue Service (IRS).  Initial Appeal File (IAF), Tab 5 at 50-53, 185-92.  On appeal, the appellant alleged, among other things, that the agency discriminated against her on the bases of age, race, color, sex, and disability, and retaliated against her for prior equal employment opportunity (EEO) activity.  IAF, Tab 24.  She requested a hearing.  IAF, Tab 3.  After the hearing, the parties entered into an agreement settling the removal appeal and the appellant's two pending EEO complaints.  IAF, Tab 45.  The agency agreed that it would pay the appellant $50,000 in compensatory damages associated with the two EEO complaints, and rescind and remove from her Official Personnel File the Standard Form 50 (SF-50) showing "removal," substituting for it an SF-50 showing "resignation for personal reasons."  The appellant agreed, inter alia, to withdraw her appeal and both EEO complaints with prejudice, to voluntarily resign from her position, and not to reapply to the IRS.  The agreement provided that it was to be entered into

the record for enforcement purposes. *Id.* After determining that the agreement was lawful on its face, that the parties understood and freely accepted its terms, and that they wished it to be entered into the record for enforcement purposes, the administrative judge issued an initial decision that dismissed the appeal as settled. IAF, Tab 46, Initial Decision (ID) at 2-3.

¶3    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

## ANALYSIS

¶4    On review, the appellant argues that she was mentally confused as to the agency's offer and made a mistake in considering what it provided. PFR File, Tab 1 at 5. The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidating it. *Potter v. Department of Veterans Affairs*, 111 M.S.P.R. 374, ¶ 5 (2009). Further, a party to a settlement agreement is presumed to have full legal capacity to contract unless she is mentally disabled and the mental disability is so severe that she cannot form the necessary intent. *Id*., ¶ 6; *Brown v. Department of the Interior*, 86 M.S.P.R. 546, ¶ 13 (2000). When an appellant alleges emotional distress as grounds for voiding a settlement agreement, the Board will consider whether the appellant was represented below, whether she has demonstrated that she was mentally impaired at the time of settlement, and whether she has otherwise shown that she was unable to fully understand the nature of the settlement agreement or to assist her representative in the appeal. *Short v. U.S. Postal Service*, 66 M.S.P.R. 214, 219 (1995).

¶5    Here, the appellant was unrepresented below, including when she entered into the settlement agreement. Although she alleged below that she was unable to focus or concentrate because of her mental state, *see, e.g.*, IAF, Tabs 11, 14, 19, 29, and 41, the minimal medical evidence she submitted during adjudication of the appeal below fails to establish that her emotional state was such that she was

unable to fully understand the nature of the settlement agreement. In support of her request for a 30-day suspension of processing of the appeal on the basis of her physical and mental condition, the appellant submitted a report dated September24, 2012, from an Occupational Medicine Consultant supporting reasonable accommodation for the appellant due to her heart condition and high blood pressure. IAF, Tab 19 at 17-18. The appellant also submitted a medical document requesting that she "be off from work" from August 24, 2015, until September 6, 2015, and stating that she would undergo therapy.[3] *Id.* at 20. The appellant failed, however, to submit medical evidence more recent than a year prior to the time she filed her appeal and almost 2 years before she entered into the settlement agreement. Therefore, the appellant has not shown that her emotional difficulties were so severe that she could not form contractual intent when she entered into the settlement agreement. *Potter*, 111 M.S.P.R. 374, ¶ 7.

¶6     To establish that a settlement was fraudulent as a result of duress or coercion, a party must prove that she involuntarily accepted the other party's terms, that circumstances permitted no other alternative, and that such circumstances were the result of the other party's coercive acts. *Parks v. U.S. Postal Service*, 113 M.S.P.R. 60, ¶ 4 (2010). The appellant has made no such allegation regarding the agency representative. She does argue that she was unaware that the settlement agreement covered both of her EEO complaints, thereby rendering insufficient the amount of compensatory damages offered by the agency, and she seeks a supplemental agreement to include an additional award of compensatory damages. PFR File, Tab 1 at 4-5. The appellant's claim is unavailing inasmuch as the agreement specifically provides that it is in full and s complete settlement of the removal appeal and both EEO complaints, each identified by case number. IAF, Tab 45 at 4. As such, the appellant has provided

---

[3] In that same submission, the appellant provided a series of medical documents that appear to bear the name of another patient. IAF, Tab 19 at 6, 8-13, 15-16.

no basis for her claim that a supplemental agreement should include an additional award of compensatory damages beyond that provided for in the agreement.

¶7    The appellant also argues that the agreement should not have included the provision precluding her from applying to any IRS office because "that was not the original agreement." PFR File, Tab 1 at 5; IAF, Tab 45 at 4. However, to the extent that there may have been earlier iterations of draft settlement agreements, the agreement that the appellant ultimately signed is the one that formed the basis for dismissing her appeal here at issue. An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Potter*, 111 M.S.P.R. 374, ¶ 6.

¶8    In addition, the appellant argues that the provision precluding her from applying to any IRS office should not have been included in the agreement because "the Older American Act (sic) was not ever considered during any discussions." PFR File, Tab 1 at 5. The appellant's reference appears to be to the Older Workers Benefit Protection Act (OWBPA). Under the OWBPA, a settlement agreement in an appeal in which the appellant alleges age discrimination must meet the requirements of 29 U.S.C. § 626(f)(1)(A)-(E), and an appellant must be given a reasonable period of time within which to consider the agreement. 29 U.S.C. § 626(f)(1), (2); *Lange v. Department of the Interior*, 94 M.S.P.R. 371, ¶ 7 (2003). As previously noted, the appellant raised age discrimination in connection with her removal. IAF, Tab 24. Despite the appellant's claim that the OWBPA was not considered, the administrative judge in fact found that the settlement agreement complied with the provisions of OWBPA before dismissing the appeal as settled. ID at 2; IAF, Tab 45 at 6-7. Therefore, the appellant has not shown any error in the initial decision regarding the OWBPA that would affect the validity of the settlement agreement. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 7 (2013).

¶9    Finally, the appellant argues on review that she was denied the opportunity to file an "Amended Hearing Complaint" and exhibits, and that she was thereby

6

harmed by not being able to present her case which, she contends, "would have caused the Judge not (sic) to make the correct decision in [her] favor." PFR File, Tab 1 at 3. The appellant further argues that she did not submit certain documents to the administrative judge during proceedings below because she was mentally and physically unable to do so, and that she was not able to think clearly because of her mental state and because she was continuing to seek counsel and was taking prescribed medications to attempt to function properly. *Id.* at 4. However, the appellant has not shown that these matters had any bearing on her subsequent decision to settle her appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                            /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.